IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MAVERIX METALS INC., a Canadian corporation, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COEUR ALASKA, INC., a Delaware corporation,<br><br>    Defendant.<br><br>COEUR ALASKA, INC., a Delaware corporation,<br><br>    Counter Claimant,<br><br>    v.<br><br>MAVERIX METALS (NEVADA) INC., a Nevada corporation, *et al.*,<br><br>    Counter Defendants. | Case No. 1:21-cv-00021-SLG |

**ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT AND MOTION FOR RULE 37 SANCTION, TO AMEND SCHEDULING ORDER, AND FOR LEAVE TO FILE AMENDED ANSWER**

Before the Court at Docket 41 is Plaintiffs and Counter Defendants Maverix Metals Inc.'s ("Maverix") *Motion for Partial Summary Judgment*. Defendant and Counter Claimant Coeur Alaska, Inc. ("Coeur") responded in opposition at Docket 51 and, in the alternative, requested a continuance of discovery pursuant to Civil Rule 56(d). Maverix filed a reply at Docket 60.

Also before the Court at Docket 71 is Coeur's *Motion for Rule 37 Sanction, to Amend Scheduling Order, and for Leave to File Amended Answer*. Maverix filed its opposition to the motion at Docket 76, to which Couer replied at Docket 83. Oral argument on the sanctions motion was held on April 24, 2023, at which the Court granted the motion for leave to file an amended answer, vacated the trial, stayed all pending deadlines, and ordered simultaneous supplemental briefing regarding the scope of discovery and the scheduling of further proceedings. Coeur filed supplemental briefing at Docket 86 and Maverix filed supplemental briefing at Docket 87.[1]

## BACKGROUND

Coeur owns and operates the Kensington Mine, a gold mine near Juneau, Alaska, that is accessible only by boat or aircraft.[2] "The mine property consists of two contiguous mineral claim groups controlled by Coeur Alaska: the Kensington Group and the Jualin Group."[3] On June 7, 1995, Coeur entered into a Royalty Deed with Echo Bay Exploration Inc. ("Echo Bay") that gave Echo Bay a royalty interest in the Kensington Group claims, but not the Jualin Group claims.[4] Under the deed's terms, royalty payments do not begin until Coeur has recovered $32,500,000 plus

---

[1] Also pending before the Court is Coeur's motion for summary judgment at Docket 43. This motion will be addressed by a separate order.

[2] Docket 44-2 at 3.

[3] Docket 44-2 at 3.

[4] Docket 1-2 at 1.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 2 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 2 of 15

"Coeur's Construction Investment," two amounts that are collectively referred to as "Recoupment."[5] The Royalty Deed provides that Coeur's Construction Investment is to be calculated in accordance with Generally Accepted Accounting Principles ("GAAP").[6] Maverix purchased Echo Bay's royalty interest for $4 million in December 2019.[7]

On December 2, 2021, Maverix initiated this case against Couer, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation.[8] The parties' central dispute is how to calculate Coeur's Construction Investment. In making this calculation, the parties have each relied on expert reports that opine on how GAAP apply to the Royalty Deed. Expert reports were to be disclosed by September 26, 2022, and fact discovery closed on December 15, 2022.[9]

On September 26, 2022, Maverix disclosed to Coeur the Expert Report of Karen M. Engstorm.[10] In relevant part, the report cited to a 2007 Kensington Technical Report and observed that the current design of the mine locates "the process plant, tailings facility, and other support infrastructure on the Jualin

---

[5] Docket 1-2 at 2.

[6] Docket 1-2 at 2.

[7] Docket 1 at 9, ¶ 38; Docket 51-5 at 27.

[8] Docket 1 at 11–14, ¶¶ 52–72.

[9] Docket 27 at 1–2.

[10] Docket 72-1 at 2.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 3 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 3 of 15

property."[11] The expert then looked at the proven and probable reserves information, separated Jualin's reserves from Kensington's, and determined that "approximately 5.2% of all gold produced from Kensington Mine relates to Jualin."[12] The expert then excluded this same proportion from the Base Recoupment Value in computing Couer's Construction Investment. This resulted in a "decrease from $533.7 million to $506.0 million [in the Base Recoupment Value], a reduction of $27.8 million."[13] That adjustment formed part of the basis for the expert's conclusion in September 2022 that the Echo Bay Royalty Deed had no value to Maverix, and therefore Maverix's damages against Coeur should be assessed at $4 million, the amount it had paid to acquire the deed.[14]

On January 17, 2023, Maverix filed the motion for partial summary judgment.[15] This motion contends that *all* of the costs that Coeur incurred from the construction of infrastructure located on the Jualin property should be excluded from Coeur's Construction Investment calculation.[16] And on March 10, 2023, nearly six months after the expert report deadline and almost three months after fact discovery had closed, Maverix disclosed a "supplemental Expert Report of Karen M.

---

[11] Docket 72-1 at 25 (quoting 2007 Technical Report).

[12] Docket 72-1 at 26.

[13] Docket 72-1 at 26.

[14] Docket 72-1 at 29.

[15] Docket 41.

[16] Docket 41.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 4 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 4 of 15

Engstrom."[17] Like Maverix's motion for partial summary judgment, the supplemental report concludes that Coeur had improperly included in Coeur's Construction Investment calculation any of the cost of constructing facilities on the Jualin property.[18] Since the majority of the infrastructure is located on the Jualin property, the change in the Base Recoupment Value was significant; the expert now determined the Base Recoupment Value was not over $500 million; rather, it was just $210,300,159 and, as a result, the expert opined that Maverix was due unpaid royalties through December 31, 2022, of $8,512,295.[19]

In its opposition to Maverix's motion for partial summary judgment on this topic, Couer alternatively requested a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d).[20] And in response to Maverix's March 10, 2023, supplemental Expert Report, Coeur filed a motion seeking in relevant part sanctions pursuant to Federal Rule of Civil Procedure 37.[21]

## DISCUSSION

### I. Maverix Introduced a New Theory of Damages

In both the Rule 37 motion and the Rule 56(d) request that are before the Court, Coeur asserts that it is entitled to relief because Maverix introduced a new

---

[17] Docket 72-5 at 2; Docket 71 at 2.

[18] Docket 72-5 at 5–6.

[19] Docket 72-5 at 7.

[20] Docket 51.

[21] Docket 71.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 5 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 5 of 15

theory and damages calculation after the close of discovery and Coeur has not had the opportunity to conduct discovery regarding this theory or Coeur's defenses against it.[22] For the following reasons, the Court agrees that Maverix introduced a new theory of damages after the close of discovery that warrants reopening of discovery.

That Maverix introduced a new theory of damages is best demonstrated by the fact that Maverix's latest damages calculation is substantially different from its September 2022 calculation. Instead of seeking the $4 million it had paid for the Royalty Deed based on a conclusion that the deed had no value, Maverix is now asserting that under that Royalty Deed it is due unpaid royalties through December 31, 2022, of $8,512,295.[23]

Moreover, the first Expert Report treated the costs associated with infrastructure on the Jualin property very differently from the supplemental report. The first Expert Report relied on Section 2(c) of the Royalty Deed and concluded that only 5.2% of the costs associated with the building infrastructure on the Jualin property should be removed from Coeur's Construction Investment.[24] By contrast, Maverix's supplemental Expert Report cites to Section 2(a) of the Royalty Deed and maintains that 100% of the costs associated with this same infrastructure on the

---

[22] Docket 51 at 17–20; Docket 71.

[23] Docket 72-5 at 7.

[24] Docket 72-1 at 22-26; Docket 1-2 at 4.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 6 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 6 of 15

Jualin property should be excluded from Coeur's Construction Investment.[25]

In sum, Maverix's motion for partial summary judgment and supplemental Expert Report focus for the first time on the phrase "on the Properties" in Section 2(a) and apply an interpretation to that phrase that drastically alters its damages calculation. Based on the foregoing, the Court concludes that Maverix raised a new theory of damages after the close of all discovery.

## II. Coeur's Rule 56(d) Request

In its response to Maverix's motion for partial summary judgment, Coeur requests that the Court defer considering the motion pursuant to Rule 56(d) to permit Coeur to seek supplemental discovery.[26] Preliminarily, Coeur asserts that the scope of discovery at this time should be unrestricted. It maintains that "[h]ad Maverix timely disclosed its new theory before the discovery deadline, Coeur would not have faced any restrictions on the scope of discovery it could undertake to prepare its defenses" and "[i]mposing restrictions on Coeur's ability to conduct discovery related to this late-disclosed claim would thus be a litigation benefit to Maverix."[27] And yet, the "on the Properties" language that forms the basis of Maverix's new theory has been in the Royalty Deed since 1995.[28] One could argue

---

[25] Docket 72-5 at 5.

[26] Docket 51 at 17–20.

[27] Docket 86 at 2.

[28] Docket 1-2 at 1.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 7 of 15
Case 1:21-cv-00021-SLG Document 89 Filed 05/24/23 Page 7 of 15

that Maverix's reliance on what might be considered a plain reading of Section 2(a) of the Royalty Deed could and perhaps should have been reasonably anticipated by Coeur before the close of discovery.

Nonetheless, because Maverix failed to introduce this theory of damages until after the close of discovery, the Court considers Coeur's Rule 56(d) request. Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to summary judgment, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'"[29]

Counsel for Coeur filed an affidavit averring that "Coeur had no opportunity to conduct discovery regarding [Maverix's "on the Properties"] claim or Coeur's defenses against the claim and cannot present all of the facts necessary for its opposition to Maverix's motion for summary judgment."[30] This affidavit by itself might not be sufficient to satisfy Rule 56(d); however, Couer also filed supplemental

---

[29] *Emps. Teamsters Loc. Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.3d 1472, 1475 (9th Cir. 1986)).

[30] Docket 51-2 at 2.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 8 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 8 of 15

briefing on the scope of the additional discovery that it now seeks.

In the supplemental briefing, Coeur requests discovery with respect to three topics. First, Coeur requests discovery of "the drafting parties' intent and understanding of the relevant contract provisions, particularly with respect to the phrase 'on the Properties,' their intended allocation of risk, and their knowledge at the time when they signed the Royalty Deed."[31] In its supplemental briefing, Maverix indicates it "does not object to time-limited, narrow discovery concerning the first category."[32] The Court concludes that supplemental discovery on this topic is appropriate.

Second, Coeur requests discovery with respect to the "knowledge Echo Bay, Kinross, and Maverix each had of facility locations prior to the filing of this lawsuit."[33] Coeur contends that this discovery request is relevant to Coeur's waiver defense.[34] In this regard, Coeur maintains that Maverix or its predecessors "either knew or should have known about the locations of these facilities years ago, yet never raised any concern about the buildings' locations," so "Maverix has now waived any right to claim that the costs are incorrectly included in Coeur's recoupment calculations."[35]

---

[31] Docket 86 at 4.

[32] Docket 87 at 3.

[33] Docket 86 at 5. Kinross Gold Corporation is the parent corporation of Echo Bay. Docket 1 at 5.

[34] Docket 86 at 5.

[35] Docket 50 at 8.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 9 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 9 of 15

The Court is unpersuaded that discovery on this topic could be relevant to a waiver defense. This is because Maverix alleges in its motion for partial summary judgment that Coeur breached the Royalty Deed by including the costs associated with infrastructure built off the "Properties" as part of Coeur's Construction Investment.[36] An argument that Maverix waived its contractual rights because it knew the infrastructure was built off the "Properties" misses the point. The question is whether the costs associated with construction on the Jualin claims can be included in Coeur's Construction Investment; whether Maverix knew the location of the construction does not help answer that question.

Moreover, Maverix is correct that it "had no right to dictate where infrastructure was built at the Kensington mine, so there was *no right to waive*."[37] Indeed, under Alaska law, "[w]aiver is generally defined as 'the intentional relinquishment of a known right.'"[38] For example, in *Carr-Gottstein Foods Co. v. Wasilla, LLC*, a tenant alleged that the landlord had waived its right to enforce the use and sublease clauses of their supermarket lease.[39] The supermarket lease provided that the premises would be used "for the principal purpose of conducting thereon a general food supermarket" and "prohibited the tenant from subleasing the

---

[36] Docket 41 at 9–10.

[37] Docket 87 at 7 (emphasis in original).

[38] *Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978) (citations omitted).

[39] 182 P.3d 1131, 1134 (Alaska 2008).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 10 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 10 of 15

premises without landlord consent."[40] The landlord alleged that the tenant breached these two provisions by allowing its wholly owned subsidiary to sell liquor on the premises.[41] But the landlord had not complained about the liquor store for approximately six years. As a result, the Alaska Supreme Court held that the "the landlord's lengthy silence and other acts constituted a waiver of its right to insist on strict performance of the lease."[42] In this case, by contrast, there is no provision of the Royalty Deed that required Coeur to build its facilities "on the Properties." To the contrary, the Royalty Deed provides that "the timing, manner, method and amounts of such exploration and production shall be in the sole discretion of Coeur."[43] The Royalty Deed accords Coeur the discretion to decide where to build its facilities; it does not accord to Maverix a "known right" to dictate the location of the facilities that could be subject to waiver.

In sum, Coeur has not identified a contractual right that could form the basis of a waiver defense, so "the claim that additional discovery would reveal such information lacks any foundation in the present record."[44] As such, Coeur has not met its burden under Rule 56(d) to "show how the information sought would

---

[40] *Id*. at 1133.

[41] *Id*. at 1134.

[42] *Id*. at 1132.

[43] Docket 1-2 at 9.

[44] *See Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436 (9th Cir. 1995) (affirming denial of 56(d) motion).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 11 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 11 of 15

preclude summary judgment."[45] The Court declines to permit additional discovery with respect to the knowledge Echo Bay, Kinross, and Maverix may have each had of facility locations prior to the filing of this lawsuit.

Third, Coeur requests discovery with respect to "[i]nformation regarding facility site selection, permitting, and construction."[46] However, Coeur has not shown any basis for believing that Maverix or its predecessors have any of this information. Because Coeur selected the infrastructure sites and oversaw permitting and construction, it is presumably Coeur, and not Maverix, that has all the relevant information and records in this regard. The Ninth Circuit has held that the "burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment."[47] The Court concludes that Coeur has not met its burden under Rule 56(d) of showing that Maverix, its predecessors, or other third parties have specific relevant evidence regarding facility site selection, permitting, and construction that is "essential to justify its opposition" to Maverix's motion for partial summary judgment.[48] Therefore, the Court declines to permit additional discovery with respect to this topic.

---

[45] *See Clorox Co.*, 353 F.3d at 1130 (quoting *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990)).

[46] Docket 86 at 5.

[47] *Clorox Co.*, 353 F.3d at 1129–30 (quoting *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

[48] Fed R. Civ. P. 56(d).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 12 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 12 of 15

### III. Timing of Discovery

Coeur requests 180 days of additional discovery with respect to the three topics it identified.[49] Because the Court has concluded that discovery is only appropriate with respect to one of these topics, and that topic is fairly discrete, the Court will accord Coeur 90 days from the date of this order to conduct discovery on the drafting parties' intent and understanding of the relevant contract provisions.

### IV. Coeur's Rule 37 Motion

Also before the Court is Coeur's Rule 37 motion for sanctions.[50] Similar to Coeur's Rule 56(d) request, Coeur seeks Rule 37 sanctions because Maverix introduced a new theory of damages after the close of discovery.[51] In this motion, Coeur requests that the Court (1) exclude Maverix's March 2023, supplemental Expert Report; (2) continue the trial until further discovery on the new theory is completed; or (3) deny Maverix's motion for partial summary judgment.[52] As discussed on the record at the hearing on April 24, 2023, the Court will not exclude the supplement Expert Report and has continued the trial, in effect according to Coeur a portion of the second form of relief requested in Coeur's sanctions motion. In addition, the Court will deny Maverix's motion for partial summary judgment at

---

[49] Docket 86 at 6.

[50] Docket 71.

[51] Docket 71 at 2.

[52] Docket 71 at 2–3.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 13 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 13 of 15

this time, without prejudice to its renewal after the close of the supplemental discovery.[53]

**CONCLUSION**

In light of the foregoing:

- The Court DENIES Maverix's *Motion for Partial Summary Judgment* at Docket 41 without prejudice to renew the motion after the close of supplemental discovery.

- The Court GRANTS IN PART and DENIES IN PART Coeur's *Alternative Request for Continuance of Discovery Pursuant to Civil Rule 56(d)* at Docket 51 as follows:

  - Coeur may undertake supplemental discovery with respect to the drafting parties' intent and understanding of the relevant provisions of the Royalty Deed, particularly with respect to the phrase "on the Properties," their intended allocation of risk, and their knowledge at the time when they signed the Royalty Deed, with such discovery to be completed no later than 90 days from the entry of this order;

  - Coeur's request for supplemental discovery with respect to (1) the knowledge Echo Bay, Kinross, and Maverix each had of facility locations prior to the filing of this lawsuit; and (2) information

---

[53] *See Leigh v. Salazar*, 677 F.3d 892, 896 (9th Cir. 2012) (explaining that "events subsequent to the filing of the case [that] resolve the parties' dispute" render a case moot (citation omitted)).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 14 of 15

Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 14 of 15

> regarding facility site selection, permitting, and construction is DENIED.

- The Court GRANTS IN PART and DENIES IN PART Coeur's *Motion for Rule 37 Sanction, to Amend Scheduling Order, and for Leave to File Amended Answer* at Docket 71 as set forth on the record on April 24, 2023, and as set forth herein.

- A telephonic conference to schedule further proceedings in this matter is scheduled for Wednesday, **August 30, 2023, at 11:00 a.m.** All parties shall participate telephonically by dialing (571) 353-2301 (Call ID 020262828, Pin 487051) approximately five minutes before the scheduled hearing time.

DATED this 24th day of May 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment and Motion for Rule 37 Sanction
Page 15 of 15
Case 1:21-cv-00021-SLG   Document 89   Filed 05/24/23   Page 15 of 15