IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MAVERIX METALS INC., a Canadian corporation, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COEUR ALASKA, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>COEUR ALASKA, INC., a Delaware corporation,<br><br>　　　　　Counter Claimant,<br><br>　　v.<br><br>MAVERIX METALS (NEVADA) INC., a Nevada corporation,<br><br>　　　　　Counter Defendant. | Case No. 1:21-cv-00021-SLG |

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT COEUR ALASKA, INC.'S AFFIRMATIVE DEFENSES

Before the Court at Docket 101 is Plaintiff Maverix Metals Inc. and Maverix Metals (Nevada) Inc.'s ("Maverix") *Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses*. Defendant Coeur Alaska,

Inc. ("Coeur") responded in opposition at Docket 104 to which Maverix replied at Docket 107. The Court heard oral argument on the motion on January 17, 2024.[1]

## BACKGROUND

The Court assumes familiarity with the facts of this case and recounts them briefly here.[2] Coeur owns and operates the Kensington mine, a gold mine located near Juneau, Alaska, that consists of two contiguous mineral claim groups: the Kensington group and the Jualin group.[3] Development of the Kensington mine began as a joint venture between Coeur and Echo Bay Exploration Inc. ("Echo Bay") in 1987.[4] In 1992, Coeur and Echo Bay completed an operation plan to extract gold from the Kensington claims.[5] The 1992 plan did not anticipate construction on the Jualin property because, at that time, Jualin was owned by another company.[6] However, by 1994, Coeur had acquired all of the mineral claims on the Jualin property.[7] On July 7, 1995, Coeur entered into a Royalty Deed with Echo Bay that gave a royalty interest to Echo Bay in the Kensington group

---

[1] Docket 112.

[2] *See* Docket 89 at 2-5; Docket 96 at 2-9.

[3] Docket 44-2 at 3.

[4] Docket 106 at ¶ 2 (Decl. of Christopher Pascoe).

[5] Docket 106 at ¶ 3.

[6] Docket 106 at ¶ 3.

[7] Docket 106 at ¶ 5.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 2 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 2 of 11

claims, but not the Jualin group claims.[8]  Maverix purchased the Royalty Deed from Echo Bay in 2019 for $4 million dollars.[9]

Under the deed's terms, royalty payments do not begin until Coeur has recovered $32,500,000 plus "Coeur's Construction Investment," two amounts that are collectively referred to in the deed as "Recoupment."[10]  The primary issue in this case is how Coeur calculated its recoupment costs, including whether Coeur's construction investment includes the cost to construct mining facilities that Coeur later constructed on the Jualin property.[11]  Maverix's motion for partial summary judgment that is now before the Court concerns Coeur's affirmative defenses of waiver, impossibility, commercial impracticability, and mistake of fact.[12]

## LEGAL STANDARDS

### I. Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The burden of

---

[8] Docket 1-2 at 1; Docket 51-5 at 6; Docket 106 at ¶ 6.

[9] Docket 1 at ¶ 38; Docket 51-5 at 27.

[10] Docket 102-3 at 2.

[11] Docket 96 at 21-24.

[12] Docket 101; Docket 85 at 14-15.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 3 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 3 of 11

showing the absence of a genuine dispute of material fact lies with the movant.[13] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[14] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[15] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[16]

## II. Waiver

If "a party to a contract is aware of conduct on the part of the other party that constitutes a breach and fails to protest the breach while continuing to perform the contract, that party may be held to have waived its right to rely on the breach in subsequent litigation."[17]

## III. Impossibility/Impracticability

Under Alaska law, impossibility and commercial impracticability constitute a

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[14] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[15] *Anderson*, 477 U.S. at 248-49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[16] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[17] *Carr-Gottstein Foods Co. v. Wasilla, LLC*, 182 P.3d 1131, 1136 (Alaska 2008).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 4 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 4 of 11

single affirmative defense.[18]  To demonstrate impracticability, a party must show that, after a contract is made, "an event occurred that made it impracticable for [the party] to perform its obligations under the contract"; "[t]he parties entered into the contract based on the assumption that this event would not occur;" and "[t]he event was not [the party's] fault."[19]

IV.  **Mistake of Fact**

"A mistake is a belief that is not in accord with the facts."[20]  "[T]he erroneous belief must relate to the facts as they exist at the time of the making of the contract" and "[a] party's prediction or judgment as to events to occur in the future, even if erroneous, is not a 'mistake.'"[21]  Under Alaska law, a party invoking the affirmative defense of mutual mistake of fact must show "(1) the mistake relates to a basic assumption on which the contract was made, (2) the mistake has a material effect on the agreed exchange of performances, and (3) the party seeking relief does not bear the risk of the mistake."[22]  A party bears the risk of a mistake when the

---

[18] *Alcan Forest Prods., LP v. A-1 Timber Consultants, Inc.*, 982 F. Supp. 2d 1016, 1036 n.175 (D. Alaska 2013) ("Alaska case law defines impossibility to incorporate impracticability . . . ." (citing *Murray E. Gildersleeve Logging Co. v. N. Timber Corp.*, 670 P.2d 372, 375 (Alaska 1983) ("Impossibility of performance is recognized as a valid defense to an action for breach of contract when the promissor's performance becomes commercially impracticable as a result of the frustration of a mutual expectation of the contracting parties."))).

[19] Alaska Civil Pattern Jury Instruction 24.08C. *See State Div. of Agric., Agric. Revolving Loan Fund v. Carpenter*, 869 P.2d 1181, 1184 (Alaska 1994).

[20] Restatement (Second) of Contracts § 151.

[21] *Id.* § 151 cmt. a.

[22] *Wasser & Winters Co. v. Ritchie Bros. Auctioneers (Am.), Inc.*, 185 P.3d 73, 78 (Alaska 2008) (internal quotation marks omitted) (quoting *Old Harbor Native Corp. v. Afognak Joint Venture*, 30

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 5 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 5 of 11

contract allocates risk to the party or the party knew, at the time the contract was made, that he had "limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient," which is referred to as conscious ignorance.[23] "If a contract does not allocate the risk of mistake and neither party bears the risk due to conscious ignorance, 'a party bears the risk of a mistake when . . . the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.'"[24] "A court has broad discretion in determining when to deny relief to a mistaken contracting party under the theory that a party bore the risk of the mistake."[25]

## DISCUSSION

I. **Waiver**

In response to Maverix's motion, Coeur notes the Court's prior determination that "Coeur has not identified a contractual right that could form the basis of a waiver defense" and states that it "does not seek to re-litigate that holding."[26] Accordingly, the Court grants Maverix's motion for partial summary judgment as to waiver.

---

P.3d 101, 108 (Alaska 2001)).

[23] *Id.* at 79 (quoting Restatement (Second) of Contracts § 154(b)).

[24] *Id.* (alteration in original omitted) (quoting Restatement (Second) of Contracts § 154(c)).

[25] *Id.* (alteration in original and citation omitted).

[26] Docket 104 at 7 n.26; Docket 89 at 11.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 6 of 11

## II. Impossibility/Impracticability

In its opposition, Coeur clarifies that "the only duty at issue is Coeur's duty to build the mine's facilities on the Kensington properties" and Coeur maintains that "the Royalty Deed imposes no such duty."[27] The Court agrees that there is no provision of the Royalty Deed that required Coeur to build its facilities on the Kensington property.[28] To the contrary, Section 9 of the Royalty Deed provides: "Coeur, by the grant of this Net Returns Royalty or otherwise, shall not be deemed subject to any duty to diligently explore for or produce Gold Minerals from the Properties, and the timing, manner, method and amounts of such exploration and production shall be in the sole discretion of Coeur."[29] Accordingly, Coeur cannot maintain an affirmative defense that it became impracticable for it to build its mining facilities on the Kensington site because the Royalty Deed imposes no such duty on Coeur. Rather, the only relevant obligation Coeur has under the Royalty Deed is to pay the royalty when due.

Further, Coeur may attempt to argue that it would be impracticable to pay the royalty if it is unable to deduct the costs for construction of mine infrastructure

---

[27] Docket 104 at 8.

[28] *See* Docket 89 at 11. Coeur suggests that "[i]f there is no duty for Coeur to build only on the Kensington property, then Maverix has no basis on which to claim that Coeur breached the Royalty Deed by recouping construction costs for facilities on the Jualin property." Docket 104 at 9 n.29. The Court disagrees, and Coeur's calculation of the recoupment of construction costs remains an issue for trial.

[29] Docket 102-3 at 9.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 7 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 7 of 11

that it situated off the Kensington property. Coeur asserts that, at trial, "the jury should determine the facts regarding Coeur's finances and ability to pay a royalty."[30] Coeur also maintains that Maverix's expert failed to factor in significant costs related to the Kensington property and Coeur's expert will testify that, were all Kensington-related costs included, Coeur would have reported greater losses than "what it has reported to date."[31] However, these are "mere allegations"; Coeur has not provided "evidence . . . such that a reasonable jury could return a verdict for" Coeur that if it was unable to deduct off-site construction costs in the recoupment calculation, that would render payment of the royalty due to Maverix "excessive and unreasonable."[32]

Additionally, impracticability is only available as a defense where the event that occurred after contract formation—here, Coeur's decision to relocate the mine's infrastructure from the Kensington site to Jualin—is not the "fault" of the party raising the defense. Coeur decided to rescope the project and to change where the mine facilities were built, which was within its sole discretion. As such, the relocation of the mining facilities was Coeur's own doing. Accordingly, no reasonable jury could find for Coeur on an impracticability defense and the Court

---

[30] Docket 104 at 16.

[31] Docket 104 at 16 (quoting Docket 105-1 at 6-7).

[32] *Anderson*, 477 U.S. at 248-49 (internal quotation marks omitted); Alaska Civil Pattern Jury Instruction 24.08C. *See Carpenter*, 869 P.2d at 1184 (holding that trial court should have granted State's motion for a directed verdict on impracticability defense).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 8 of 11

grants Maverix's motion for partial summary judgment as to impossibility and impracticability.

### III. Mistake of Fact

Coeur's mistake of fact defense relies on two alleged mistaken assumptions: (1) "Coeur could feasibly build the mine's facilities only on the Kensington property according to initial cost-projections" and (2) "the permits already in process would be sufficient for the mine's construction and that permits Coeur would need to construct the mine would not require some facilities to be off the Kensington property."[33] Maverix contends that neither of these assumptions constitute mistakes of fact.[34]

It is not at all clear that Coeur's proffered mistakes are indeed mistakes of fact, as they were not erroneous assumptions about facts as they were at the time the Royalty Deed was executed.[35] Regardless, the Court finds that even if these assumptions constitute mistakes of fact, Coeur has not shown that it should not bear the risk of these mistaken assumptions. Here, the Royalty Deed does not expressly allocate the risk of mistake and there is no allegation of conscious ignorance. However, the Court finds that Coeur should bear the risk of each of

---

[33] Docket 104 at 20.

[34] Docket 107 at 15-16.

[35] *Cook v. Cook*, 249 P.3d 1070, 1081 (Alaska 2011) ("[A] party's prediction or judgment as to events to occur in the future, even if erroneous, is not a 'mistake.'" (quoting Restatement (Second) of Contracts § 151 cmt. a)).

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 9 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 9 of 11

these purported mistakes because such an allocation of risk is "reasonable in the circumstances."[36]

At the time the Royalty Deed was executed in 1995, Coeur had acquired the Jualin property. While the operation plan finalized in 1992 provided that the mine infrastructure would be built on the Kensington property,[37] the Royalty Deed provides that "the timing, manner, method and amounts of such exploration and production shall be in the sole discretion of Coeur."[38] As such, it is reasonable in the circumstances that Coeur be allocated the risk of any mistaken assumption as to where the mining infrastructure would be built. Further, Coeur obtained all the required permits to construct the mine infrastructure on the Kensington property in 1998,[39] so the parties were not then mistaken about the permits Coeur would need to construct the mine. And even if their assumptions in 1995 as to the location of mining infrastructure proved later to be mistaken, Coeur bore the risk that additional permitting would be required if it opted to build the mine facilities off the properties—i.e., on Jualin—because, as noted, the Royalty Deed granted Coeur

---

[36] *Wasser & Winters Co.*, 185 P.3d at 79.

[37] Docket 102-2 at 12-13.

[38] Docket 102-3 at 9. Coeur argues that whether this provision in the Royalty Deed assigned "developments risks" to Coeur should be a question for the jury. Docket 104 at 13. However, when it is reasonable in the circumstances, under Alaska law, a court, not the jury, may allocate the risk of any mistaken assumptions to a party and the Court does so here based on the totality of the circumstances, not just the language in the Royalty Deed granting Coeur discretion to develop the mine. *Wasser & Winters Co.*, 185 P.3d at 79.

[39] Docket 102-2 at 40-41.

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 10 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 10 of 11

"sole discretion" regarding the "timing, manner, method and amounts of such exploration and production."[40] Accordingly, there is no genuine dispute of material fact and the Court grants Maverix's motion for partial summary judgment as to mistake of fact.

In sum, the Court finds that no dispute of fact remains as to Coeur's affirmative defenses of waiver, impossibility or impracticability, and mistake of fact. The Court therefore **GRANTS** Maverix's Motion for Partial Summary Judgment at Docket 101. The Court notes that this order does not preclude Coeur from asserting at trial that the location of the mine facilities was not a material term of the parties' contract, as materiality is an issue generally reserved for the jury's determination.[41] Stated differently, if the location of the mining infrastructure "on the Properties" is not a material term of the Royalty Deed, then Coeur may be able to include off-site construction costs in its recoupment calculation.

DATED this 13th day of February, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[40] Docket 102-3 at 9.

[41] *See* Docket 102-7 at 8 ("The location of the mine facilities was not a material element of either party's bargain in the Royalty Deed."); *State v. Alaskan Crude Corp.*, 441 P.3d 393, 401 (Alaska 2018) ("[O]rdinarily the question of materiality must be left to the fact finder.").

Case No. 1:21-cv-00021-SLG, *Maverix Metals, Inc., et al. v. Coeur Alaska, Inc.*
Order re Motion for Partial Summary Judgment on Defendant Coeur Alaska, Inc.'s Affirmative Defenses
Page 11 of 11
Case 1:21-cv-00021-SLG   Document 138   Filed 02/13/24   Page 11 of 11